```
                            United States Bankruptcy Court
                             Middle District of Pennsylvania
```

In re:                                                              Case No. 20-01004-HWV
Jacob B. Tyson                                                      Chapter 7
         Debtor                    **CERTIFICATE OF NOTICE**

District/off: 0314-1          User: admin              Page 1 of 1              Date Rcvd: Jun 17, 2020
                              Form ID: 318             Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 19, 2020.
db              Jacob B. Tyson,   777 Church Street,   Millersburg, PA 17061-2108
5313063         Blue Chip Federal Credit Union,   Acct No 1117 4F00 00,   5050 Derry Street,
                 Harrisburg, PA 17111-5606
5313062         Blue Chip Federal Credit Union,   Acct No 4112 4100 0004 7165,   5050 Derry Street,
                 Harrisburg, PA 17111-5606
5313065        +KML Law Group, P.C.,   Acct No 2019-CV-7011-MF,   Rebecca A. Solarz,
                 701 Market Street, Suite 5000,   Philadelphia, PA 19106-1541
5313069        +Valley National Bank,   Acct No 5119 9800,   1460 Valley Road,   Wayne, NJ 07470-8437

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5313066        +E-mail/Text: Bankruptcies@nragroup.com Jun 17 2020 19:26:59     National Recovery Agency,
                 Acct No 1264 ****,   2491 Paxton Street,   Harrisburg, PA 17111-1036
5313068        +E-mail/Text: bankruptcyteam@quickenloans.com Jun 17 2020 19:26:48     Quicken Loans,
                 Acct No 8673 3574 5****,   1050 Woodward Avenue,   Detroit, MI 48226-1906
                                                                                              TOTAL: 2

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5313064*        Blue Chip Federal Credit Union,   Acct No 1117 4F00 00****,   5050 Derry Street,
                 Harrisburg, PA 17111-5606
5313067*       +National Recovery Agency,   Acct No 1264 ****,   2491 Paxton Street,
                 Harrisburg, PA 17111-1036
                                                                                TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 19, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 17, 2020 at the address(es) listed below:
              James Warmbrodt    on behalf of Creditor    Quicken Loans, LLC bkgroup@kmllawgroup.com
              James M Bach    on behalf of Debtor 1 Jacob B. Tyson JMB@JamesMBach.com,
               staff@jamesmbach.com;staff@ecf.courtdrive.com;r39038@notify.bestcase.com
              Leon P. Haller (Trustee)    lhaller@pkh.com,   lrynard@pkh.com;lhaller@ecf.axosfs.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                          TOTAL: 4

| | | |
|---|---|---|
| Debtor 1 | Jacob B. Tyson | Social Security number or ITIN xxx–xx–1306 |
| | First Name    Middle Name    Last Name | EIN __–_____ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN ____ <br> EIN __–_____ |
| United States Bankruptcy Court | Middle District of Pennsylvania | |
| Case number: | 1:20–bk–01004–HWV | |

# Order of Discharge                                                                                12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Jacob B. Tyson

6/17/20

**By the court:**

*[signature]*

Honorable Henry W. Van Eck
Chief Bankruptcy Judge
By: AutoDocketer, Deputy Clerk

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**